[Cite as *HSBC Bank USA v. Beirne*, 2012-Ohio-1386.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| | | |
|---|---|---|
| HSBC BANK USA | | C.A. No.    10CA0113-M |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| MARTIN J. BEIRNE, JR., et al. | | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellants | | CASE No.    09CIV0902 |

DECISION AND JOURNAL ENTRY

Dated: March 30, 2012

CARR, Presiding Judge.

{¶1}    Appellant, Martin J. Beirne, appeals the judgment of the Medina County Court of Common Pleas.  This Court reverses.

I.

{¶2}    On June 23, 2006, Martin J. Beirne executed a promissory note in favor of Fremont Investment & Loan for property located at 3570 Masons Rest Drive in Medina, Ohio. The note was secured by a mortgage.

{¶3}    On May 11, 2009, HSBC Bank USA National Assoc. (hereinafter referred to as "HSBC") filed the instant foreclosure action, but did not attach any evidence of an assignment to its complaint.  HSBC also requested a declaration that the mortgage was a good, valid, and enforceable first lien against the property on the one-half interest of Elizabeth C. Beirne, and the one-half interest of Martin J. Beirne.  The named defendants in the complaint were Martin J.

Beirne, Elizabeth C. Beirne, Timothy A. Urwin, Fifth Third Bank, the Ohio Department of Taxation, as well as the Treasurer of Medina County. Beirne filed an answer on July 17, 2009.

{¶4} On June 14, 2010, Beirne filed a motion to dismiss pursuant to Civ.R. 12(H)(3), arguing that HSBC was not the real party in interest. On July 23, 2010, HSBC filed a brief in opposition to the motion to dismiss. Meanwhile, HSBC had filed a motion for summary judgment on June 14, 2010. It supplemented its motion on June 29, 2010. Beirne filed a brief in opposition to the motion for summary judgment on July 9, 2010. HSBC filed a reply brief in support of its motion for summary judgment on August 17, 2010. On October 1, 2011, the trial court issued a journal entry denying the motion to dismiss and granting summary judgment in favor of HSBC, and declaring that the mortgage was intended to encumber both Martin J. Beirne's and Elizabeth Beirne's interest in the property.

{¶5} Beirne filed a notice of appeal on November 1, 2010. On appeal, he raises four assignments of error.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT, SINCE HSBC FAILED TO ESTABLISH, WITH EVIDENCE ADMISSIBLE UNDER CIV.R. 56, THAT IT WAS THE REAL PARTY IN INTEREST, SINCE IT DID NOT ESTABLISH THAT IT WAS THE HOLDER OF THE NOTE AND MORTGAGE AT THE TIME IT FILED ITS COMPLAINT, OR EVEN THAT IT IS THE CURRENT HOLDER OF THE NOTE AND MORTGAGE.

{¶6} In his first assignment of error, Beirne argues that HSBC failed to establish that it was the real party in interest. This Court agrees.

{¶7} In support of his first assignment of error, Beirne argues that HSBC never established that it was a real party in interest pursuant to Civ.R. 17(A). Beirne argues that HSBC

did not attach anything to its complaint establishing that it was the real party in interest, and furthermore that HSBC failed to subsequently establish the absence of a genuine issue of material fact that it was the current party in interest.

{¶8} This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). This Court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 12 (6th Dist.1983).

{¶9} Pursuant to Civ.R. 56(C), summary judgment is proper if:

> (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996). Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). *Id.* Once a moving party satisfies its burden of supporting its motion for summary judgment with sufficient and acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings. Rather, the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated for trial. *State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d 447, 449 (1996).

{¶10}  Civ.R. 17(A) states, in a pertinent part:

Every action shall be prosecuted in the name of the real party in interest.  An executor, administrator, guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his name as such representative without joining with him the party for whose benefit the action is brought.

{¶11}  "In foreclosure actions, the real party in interest is the current holder of the note and mortgage."  *U.S. Bank, N.A. v. Richards*, 189 Ohio App.3d 276, 2010-Ohio-3981, ¶ 13 (9th Dist.), quoting *Everhome Mtge. Co. v. Rowland*, 10th Dist. No. 07AP-615, 2008-Ohio-1282, ¶ 12.  Thus, the movant's failure to demonstrate who is the real party in interest causes a general issue of material fact that precludes summary judgment.  *Id.*

{¶12}  HSBC filed its complaint on May 11, 2009.  While HSBC attached several documents to its complaint, including the note and mortgage, it did not submit any documentation that demonstrated it was the real party in interest.  HSBC admits in its merit brief that at the time the complaint was filed, a formal, written assignment showing that the mortgage had been assigned to HSBC had not yet been executed or recorded.   This Court has held that "a bank need not possess a valid assignment at the time of filing suit so long as the bank procures the assignment in sufficient time to apprise the litigants and the court that the bank is the real party in interest."  *Deutsche Bank Natl. Trust Co. v. Traxler*, 9th Dist. No. 09CA009739, 2010-Ohio-3940, ¶ 11, citing *Bank of New York v. Stuart*, 9th Dist. No. 06CA008953, 2007-Ohio-1483, ¶ 12.  Thus, while HSBC was required to demonstrate that it was the real party in interest, it was not required to demonstrate that a valid assignment of the mortgage had occurred at the time the suit was filed.

{¶13}  Nevertheless, a review of the materials HSBC submitted in support of its motion for summary judgment reveals that there exists a genuine issue of material fact as to whether

HSBC was the real party in interest. HSBC filed its motion for summary judgment on June 14, 2010. Attached to the motion were photocopies of a H.U.D. settlement statement and a uniform residential appraisal report, as well as several printouts which appear to have come from an electronic land records search in Medina County. HSBC also attached a copy of the Fourth District's decision in *E.M. Calhoun v. Heidari*, 4th Dist. No. 02CA20, 2003-Ohio-4156. While HSBC did not address whether it was the real party in interest in the body of its motion, it stated in a footnote that it had been assigned the loan on June 5, 2009, as evidenced by "Exhibit 1" attached to the motion. As stated above, however, Exhibit 1 is merely a website printout which was not authenticated by a supporting affidavit pursuant to Civ.R. 56(E).

{¶14} HSBC subsequently filed a "Motion for Leave Instanter to File Exhibit 3 to Plaintiff's Motion for Summary Judgment" on June 29, 2010. Attached to the motion was the affidavit of Christopher Spradling, who averred that he was employed "at Litton Loan Servicing, LP Servicer for HSBC Bank USA, National Association as Trustee." Mr. Spradling averred that the "loan" in question "was assigned to HSBC on June 5, 2009. A true and accurate copy of the Assignment was attached to the Complaint filed by HSBC." Mr. Spradling further averred that "HSBC is the current holder of the Note and Mortgage." As noted above, no such assignment was attached to the complaint.

{¶15} In responding to HSBC's motion on July 9, 2010, Beirne maintained that HSBC had failed to establish that it was the real party in interest. Beirne further argued that the materials HSBC had pointed to in support of its motion were not properly before the trial court pursuant to Civ.R. 56(E). With respect to Mr. Spradling's affidavit which incorrectly stated that a copy of the assignment was attached to the complaint, Beirne noted that the affidavit was filed without appropriate supporting evidentiary materials to establish that HSBC was the real party in

interest. Attached to Beirne's response was his own affidavit, in which he averred that his own public records search had revealed, at the time the complaint was filed, the first lien on his mortgage was held by the Mortgage Electronic Registration System, as nominee for Fremont Investment and Loan, and that he was unable to determine whether HSBC was the owner of the note.

{¶16} As noted above, Beirne filed a motion to dismiss the complaint pursuant to Civ.R. 12(H)(3) on June 14, 2010, the same day that HSBC had filed its motion for summary judgment. After Beirne filed his brief in opposition to the motion for summary judgment on July 9, 2010, HSBC subsequently filed a response to the motion to dismiss on July 23, 2010.

{¶17} On August 17, 2010, HSBC filed a reply brief in support of its motion for summary judgment. In its reply brief, HSBC argued that the endorsement attached to the promissory note was sufficient to establish that HSBC was the real party in interest. While HSBC began its argument in its reply brief by stating that it was "re-assert[ing] its argument from its Brief in Opposition to Defendants' Motion to Dismiss," it did not attach a copy of the purported endorsement to its reply brief, nor did it allege that a copy of the purported endorsement had been submitted in support of the motion for summary judgment. The only documents attached to the reply brief were the affidavit of Marti Noriega, as well as a purported notice of default sent from Litton Loan Servicing to Beirne. Noriega averred that he was "an employee of Litton Loan Servicing LP[,] a loan servicing agent for [HSBC]." Noriega further averred that "Plaintiff purchased, acquired and/or otherwise obtained possession of the note and mortgage before May 6, 2009 and prior to the execution of the Assignment of Mortgage evidencing the transfer of record[.]"

{¶18} In support of its position that the trial court properly granted summary judgment, HSBC points not only to the materials submitted in support of its motion for summary judgment, but also to the materials attached to its response to Beirne's motion to dismiss. Namely, HSBC directs this Court's attention to the second affidavit of Christopher Spradling and the purported endorsement of the promissory note that were attached to its response to the motion to dismiss. This Court has repeatedly held that Civ.R. 56 does not permit a party to obtain "summary judgment by ambush," whereby the moving party introduces new arguments and new evidence for the first time in a reply brief. *Lance Acceptance Corp. v. Claudio*, 9th Dist. No. 02CA008201, 2003-Ohio-3503, ¶ 18; *Smith v. Ray Esser & Sons, Inc*. 9th Dist. No. 10CA009798, 2011-Ohio-1529, ¶ 15 (stating that "[r]eply briefs are usually limited to matters in rebuttal, and a party may not raise new issues for the first time. Otherwise, a litigant may resort to summary judgment by ambush."). Subsequent to the time Beirne filed his response to HSBC's motion for summary judgment on July 9, 2010, HSBC filed a response to Beirne's motion to dismiss on July 23, 2010, and a reply brief in support of its motion for summary judgment on August 17, 2010. HSBC relies on this Court's decision in *Traxler* for the proposition that it was permissible to establish that it was the real party in interest for summary judgment purposes by introducing evidence in its response to the motion to dismiss. This argument is not well-taken. Unlike the circumstances in *Traxler* where the non-moving party responded to the motion for summary judgment by filing a "combined memorandum in opposition and motion to dismiss," the motion to dismiss here was filed outside the framework of Civ.R. 56. Thus, in responding to the motion to dismiss, HSBC was not supplementing its motion for summary judgment, but rather aiming to refute Beirne's request that the action should be dismissed pursuant to Civ.R. 12(H)(3) on the basis that the Court lacked subject matter

jurisdiction. The intent and purpose of Civ.R. 56 would be subverted if judgment could be rendered in favor of the moving party based on materials that were not offered in support of the motion. Because HSBC did not submit Christopher Spradling's second affidavit and the purported endorsement in support of its motion, those materials could not be relied upon to demonstrate the absence of a genuine material fact as to whether HSBC was the real party in interest.

{¶19} HSBC was required to establish that it was the real party in interest in order to prevail on its motion for summary judgment. A review of the materials offered in support of the motion reveals that HSBC failed to demonstrate the absence of a genuine issue of material fact that it had been properly assigned the note and mortgage. We emphasize that, "a party seeking summary judgment always bears the initial responsibility of informing the [trial] court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Dresher*, 75 Ohio St.3d at 288, quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[T]he burden on the moving party may be discharged by 'showing'-that is, pointing out to the [trial] court-that there is an absence" of a genuine issue of material fact. *Dresher*, 75 Ohio St.3d at 289-290, quoting *Celotex*, 477 U.S. at 325. In the affidavit which was attached to the supplement to the motion for summary judgment, Mr. Spradling averred that HSBC had been assigned the loan on June 5, 2009, and that "[a] true and accurate copy of the Assignment was attached to the Complaint filed by HSBC." However, a review of the complaint and the exhibits attached thereto reveals that there was no evidence that the note had been assigned to HSBC. Moreover, an assignment dated June 5, 2009, could not have been attached to the complaint which was filed on May 11, 2009.

Likewise, while Noriega also made a general claim that HSBC had "purchased, acquired and/or otherwise obtained possession" of the note prior to the filing of the complaint, he did not identify the date HSBC obtained possession of the note or why HSBC had been unable to produce evidence of the assignment in support of its motion for summary judgment. Thus, when construing the facts before the trial court in the light most favorable to the non-moving party, HSBC failed to meet its initial *Dresher* burden of pointing to the parts of the record that show the absence of a genuine issue of material fact as to whether it was the real party in interest. *Dresher*, 75 Ohio St.3d at 292-293.

{¶20} It follows that Beirne's first assignment of error is sustained.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN REFORMING THE MORTGAGE TO ENCUMBER ELIZABETH BEIRNE'S INTEREST IN THE PROPERTY, SINCE THERE WAS NOT CLEAR AND CONVINCING EVIDENCE THAT THE PARTIES INTENDED TO ENCUMBER HER INTEREST, AND SINCE THE MORTGAGE CLEARLY ENCUMBERED ONLY A ONE-HALF INTEREST IN THE SUBJECT PROPERTY.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT, BECAUSE HSBC DID NOT PROVE THAT IT PROVIDED WRITTEN NOTICE OF ACCELERATION, AS REQUIRED BY PARAGRAPH 22 OF THE MORTGAGE, AND THEREFORE DID NOT MEET A CONDITION PRECEDENT TO FILING THE INSTANT LAWSUIT.

## ASSIGNMENT OF ERROR IV

THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT IN A JOURNAL ENTRY RESPONDING TO A MOTION FOR DEFAULT AGAINST A THIRD PARTY[.]

{¶21} Beirne raises three additional assignments of error. Because our resolution of the first assignment of error is dispositive of this appeal, this Court declines to address the Beirne's remaining assignments of error as they are rendered moot. See App.R. 12(A)(1)(c).

III.

**{¶22}** Beirne's first assignment of error is sustained. This Court declines to address the remaining assignments of error as they are rendered moot. The judgment of the Medina County Court of Common Pleas is reversed, and the cause remanded for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

DONNA J. CARR
FOR THE COURT

WHITMORE, J.
MOORE, J.
CONCUR.

APPEARANCES:

JOHN P. MALONE, JR., Attorney at Law, for Appellants.

ROBERT C. FOLLAND and JAMES L. DEFEO, Attorneys at Law, for Appellee.