[Cite as *Byrd v. Frush*, 2013-Ohio-3682.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| HOUSTON BYRD, JR. | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Sheila G. Farmer, J. |
| Plaintiff-Appellant | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 13-CA-10 |
| JAMIE L. AND CAROL R. FRUSH | : |  |
|  | : |  |
| Defendants-Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Civil appeal from the Licking County Court
of Common Pleas, Case No. 12-CV-845

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      August 23, 2013

APPEARANCES:

For Plaintiff-Appellant

HOUSTON BYRD, JR. PRO SE
241 N. 10th Street
Newark, OH 43055

For Defendant-Appellee

SCOTT WILLIAMS
Hammond Sewards & Williams
556 East Town Street
Columbus, OH 43215

*Gwin, P.J.*

{¶1} Appellant appeals several judgment entries of the Licking County Common Pleas Court, including the January 30, 2013 judgment entry of the trial court dismissing appellant's case pursuant to Civil Rule 41(B).

*Facts & Procedural History*

{¶2} On July 14, 2010, appellant Houston Byrd, Jr. and appellee Carol Frush were involved in an automobile accident in a parking lot. Appellant filed a complaint against appellee and her husband Jamie Frush on June 19, 2012, alleging he suffered personal injury, property damage, and lost earnings as a result of the negligence of appellee and Mr. Frush arising from the automobile accident. Mr. Frush was not involved in the accident or present at the time the accident occurred.

{¶3} Mr. Frush filed a motion to dismiss pursuant to Civil Rule 12(B)(6) on July 10, 2012. The trial court granted Mr. Frush's motion to dismiss on August 22, 2012. On July 24, 2012, appellant filed a motion for summary judgment. After numerous pleadings were filed regarding appellant's motion for summary judgment, the trial court denied appellant's motion for summary judgment on September 26, 2012.

{¶4} On August 13, 2012, appellant filed a motion for a polygraph or psycho-physiological detection of deception evaluation team. Appellant requested the trial court order appellee to submit to a polygraph test with regards to the automobile accident. The trial court denied appellant's motion on August 15, 2012.

{¶5} On September 27, 2012, the trial court filed an order setting the case for pretrial conference on November 29, 2012. The order specified that counsel for the

parties were required to attend in person and that "all unrepresented parties shall attend the pretrial conference personally."

**{¶6}** Appellee filed a motion to compel the discovery of interrogatories and requests for production of documents on October 11, 2012. The trial court issued an order on October 12, 2012, setting an oral hearing on the motion to compel on November 13, 2012. Appellant filed a written objection to the setting of this oral hearing on October 17, 2012 and, prior to the oral hearing, provided appellee with answers to her interrogatories. However, appellant failed to respond to appellee's requests for production of documents. The trial court held a hearing an oral hearing on the motion to compel on November 13, 2012. Appellant failed to appear for the hearing. The trial court then granted appellee's motion to compel.

**{¶7}** On November 29, 2012, the trial court held the pretrial scheduled by the September 27, 2012 order. Appellant did not appear for the pretrial. On December 3, 2012, the trial court issued a judgment entry finding that appellant failed to appear for the November 29, 2012 pretrial and scheduling another hearing for January 29, 2013 "for the express purpose of [appellant] appearing to show cause why he should not be held in contempt or his case should not be dismissed due to his failure to prosecute his case pursuant to Civil Rule 41." Appellant failed to appear for the hearing on January 29, 2013. On January 30, 2013, the trial court entered a judgment entry finding appellant failed to appear for the January 29th hearing and dismissing his case pursuant to Civil Rule 41.

**{¶8}** Throughout the pendency of the case, appellant repeatedly requested the trial court judge recuse himself from the case. The trial court denied appellant's requests for recusal.

**{¶9}** Appellant raises the following assignments of error on appeal:

**{¶10}** "I. THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING THAT THERE WASN'T CLEAR AND CONVINCING EVIDENCE TO SUPPORT THE CIVIL COMPLAINT BEFORE IT.

**{¶11}** "II. THE PRESIDING JUDGE DID NOT INTERPRET THE LAW CORRECTLY.

**{¶12}** "III. THE TRIAL JUDGE IMPROPERLY PREVENTED APPELLANT FROM PRESENTING AND/OR CONSIDERING EVIDENCE BEFORE IT.

**{¶13}** "IV. THE TRIAL JUDGE ARBITRARILY AND SYSTEMATICALLY FAILED TO RENDER DECISIONS ON NUMEROUS MOTIONS BEFORE IT.

**{¶14}** "V. THE TRIAL JUDGE FAILED TO PERFORM THEIR DUTIES.

**{¶15}** "VI. THE TRIAL JUDGE WAS [NOT] IMPARTIAL."

*Pro Se Appellants*

**{¶16}** We understand appellant has filed this appeal pro se. However, "like members of the bar, pro se litigants are required to comply with the rules of practice and procedure." *Hardy v. Belmont Correctional Inst.*, 10th Dist No. 06AP-116, 2006-Ohio-3316, ¶ 9. See, also, *State v. Hall*, 11th Dist. No. 2007-T-0022, 2008-Ohio-2128, ¶ 11. We also understand that "an appellate court will ordinarily indulge a pro se litigant where there is some semblance of compliance with the appellate rules." *State v. Richard*, 8th Dist. No. 86154, 2005-Ohio-6494, ¶ 4 (internal quotations omitted).

{¶17} In *State v. Hooks*, 92 Ohio St.3d 83, 2001-Ohio-150, 748 N.E.2d 528 (2001), the Ohio Supreme Court noted, "a reviewing court cannot add matter to the record before it that was not part of the trial court's proceedings, and then decide the appeal on the basis of the new matter." See *State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500 (1978). Further, the "record cannot be enlarged by factual assertions in the brief." *Dissolution of Doty v. Doty*, 4th Dist. No. 411, 1980 WL 350992 (Feb. 28, 1980), citing *Scioto Bank v. Columbus Union Stock Yards*, 120 Ohio App. 55, 59, 201 N.E.2d 227 (1963). New material and factual assertions contained in any brief in this court may not be considered. See *North v. Beightler*, 112 Ohio St.3d 122, 2006-Ohio-6515, 858 N.E.2d 386, quoting *Dzina v. Celebreeze*, 108 Ohio St.3d 385, 2006-Ohio-1195, 843 N.E.2d 1202, ¶ 16. Therefore, we have disregarded facts and documents in appellant's brief that are outside of the record.

### I, II, III, IV

{¶18} Appellant makes numerous arguments throughout his brief that the trial court erred in granting or denying various motions, not ruling on all of his motions, not providing findings of fact and conclusions of law, and in ultimately dismissing appellant's case pursuant to Civil Rule 41(B). In the interests of justice, we shall attempt to consider the arguments set forth in appellant's brief.

### *Summary Judgment*

{¶19} Appellant contends the trial court erred in denying his motion for summary judgment because there is no genuine issue of material fact regarding appellee's liability. We disagree.

{¶20} Civil Rule 56 states, in pertinent part:

"Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed mostly strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."

{¶21} A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts. *Hounshell v. Am. States Ins. Co.,* 67 Ohio St.2d 427, 424 N.E.2d 311 (1981). The court may not resolve any ambiguities in the evidence presented. *Inland Refuse Transfer Co. v. Browning–Ferris Inds. of Ohio, Inc.,* 15 Ohio St.3d 321, 474 N.E .2d 271 (1984). A fact is material if it affects the outcome of the case under the applicable substantive law. *Russell v. Interim Personnel, Inc.,* 135 Ohio App.3d 301, 733 N.E.2d 1186 (6th Dist.1999).

**{¶22}** When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court. *Smiddy v. The Wedding Party, Inc.,* 30 Ohio St.3d 35, 506 N.E.2d 212 (1987). This means we review the matter de novo. *Doe v. Shaffer,* 90 Ohio St.3d 388, 2000–Ohio–186, 738 N.E .2d 1243. The party moving for summary judgment bears the initial burden of informing the trial court of the basis of the motion and identifying the portions of the record which demonstrates absence of a genuine issue of fact on a material element of the non-moving party's claim. *Drescher v. Burt,* 75 Ohio St.3d 280, 662 N.E.2d 264 (1996). Once the moving party meets its initial burden, the burden shifts to the nonmoving party to set forth specific facts demonstrating a genuine issue of material fact does exist. *Id.* The non-moving party may not rest upon the allegations and denials in the pleadings, but instead must submit some evidentiary materials showing a genuine dispute over material facts. *Henkle v. Henkle,* 75 Ohio App.3d 732, 600 N.E.2d 791 (12th Dist.1991).

**{¶23}** In this case, appellant filed his motion for summary judgment and argued there was no genuine issue of material fact that would make a trial necessary. Appellant did not submit any Rule 56(C) evidence with his motion for summary judgment. In her memorandum of opposition to appellant's motion for summary judgment, appellee attached her sworn affidavit disputing liability for the accident and stating appellant caused the accident by driving his vehicle at an unsafe speed and being inattentive to traffic in the parking lot.

**{¶24}** After appellee filed her memorandum in opposition to appellant's motion for summary judgment, appellant filed a reply brief, attaching documents marked as exhibits. The exhibits consist of a diagram, photograph, and reports by traffic crash

reconstructionists. In its entry denying appellant's motion for summary judgment, the trial court granted appellee's motion to strike the exhibits because the exhibits were not Rule 56(C) evidence.

{¶25} The only evidence appellant put forth in his motion for summary judgment was his allegation that appellee was driving illegally at the time of the accident. In her affidavit, appellee denied she was driving illegally at the time of the accident, stated appellant caused or contributed to the cause of the accident, and denied appellant was injured in the accident. The affidavit submitted by appellee creates genuine issues of material fact regarding liability and damages and thus the trial court did not err in denying appellant's motion for summary judgment.

{¶26} We further find the trial court did not err in granting appellee's motion to strike exhibits in appellant's reply to summary judgment. For the first time in the summary judgment pleadings, appellant attempted to introduce a photograph, diagram, and reports of two accident reconstructionists in his reply brief. However, "Civ. R. 56 does not permit a party to obtain 'summary judgment by ambush' whereby the moving party introduces new arguments and new evidence for the first time in a reply brief." *HSBC Bank USA v. Beirne, Jr.*, 9th Dist. No. 10CA0113-M, 2012-Ohio-1386. Allowing new arguments and evidence to be submitted in a reply brief denies appellee the meaningful opportunity to respond to the arguments and evidence. *Smith v. Ray Esser & Sons, Inc.*, 9th Dist. No. 10CA009798, 2011-Ohio-1529. If appellant wanted to support his arguments with these exhibits, he was required to present them in his motion for summary judgment.

{¶27} In addition, the exhibits appellant attached to his reply brief do not meet the requirements of Civil Rule 56(C) evidence as they were not "depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact." Civil Rule 56(C) further provides, "no evidence or stipulation may be considered except as stated in this rule." The letters addressed to appellant are not written declarations under oath and do not meet the requirements of Civil Rule 56(E). Pursuant to this rule, "supporting or opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. Sworn or certified copies of all papers * * * referred to in an affidavit shall be attached to or served with the affidavit." Civil Rule 56(E). The letters were not sworn to and did not indicate they were made on personal knowledge. Accordingly, the trial court did not err in striking appellant's exhibits attached only to his reply brief.

*Motion for Polygraph or Psychophysiological Detection of Deception Evaluation*

{¶28} Appellant argues the trial court erred in denying his request to order appellee to submit to a polygraph. We disagree. Under Ohio law, "polygraph examination results are inadmissible as evidence unless the prerequisities of *State v. Souel* * * * are met." *City of Zanesville v. Sheets*, 38 Ohio App.3d 24, 525 N.E.2d 842 (5th Dist. 1987). One of the requirements in *State v. Souel* is that both parties stipulate to the admissibility of the results of the polygraph examination. 53 Ohio St.2d 123, 372 N.E.2d 1318 (1978). In this case, there is no written stipulation of appellee for the admission of any polygraph results. Thus, since the requirements of *Souel* have not

been met, the trial court did not err in denying appellant's motion for polygraph examination of appellee.

*Findings of Facts and Conclusions of Law*

{¶29} Appellant argues the trial court erred by not providing him with findings of fact and conclusions of law in its decisions on appellant's numerous motions. Appellant contends Civil Rule 52 requires the trial court to issue such findings of fact and conclusions of law when requested and that the docket demonstrates the trial court did not provide any entries with findings of fact and conclusions of law.

{¶30} Civil Rule 52 provides as follows:

When questions of fact are tried by the court without a jury, judgment may be general for the prevailing party unless one of the parties in writing requests otherwise before entry of judgment pursuant to Civ.R. 58, or no later than seven days after the party filing the request has been given notice of the court's announcement of its decision, whichever is later, in which case, the court shall state in writing the conclusions of fact found separate from the conclusions of law.

* * *

Findings of fact and conclusions of law required by this rule and by Rule 41(B)(2) are unnecessary upon all other motions including those pursuant to Rule 12, Rule 55, and Rule 56.

{¶31} Pursuant to Civil Rule 52, the trial court is only required to provide findings of fact or conclusions of law when "questions of fact are tried by the court without a jury." In this case, no questions of fact have been tried by the trial court without a jury at

any time during the pendency of the instant case.  Appellee filed a jury demand with her answer to the complaint and thus any questions of fact would be decided by a jury. Therefore, Civil Rule 52 is not applicable and the trial court was not required to provide appellant with findings of fact or conclusions of law.

*Civil Rule 41(B)*

{¶32} Appellant contends the trial court abused its discretion in dismissing the case pursuant to Civil Rule 41(B).  We disagree.  Civil Rule 41(B)(1)(1) provides as follows:

(B) Involuntary dismissal; effect thereof

(1) Failure to prosecute.  Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim.

{¶33} Our standard of reviewing a trial court's decision to dismiss a complaint for failure to comply with a court order is the abuse of discretion standard.  *Jones v. Hartranft*, 78 Ohio St.3d 368, 371, 678 N.E.2d 530 (1997).  Abuse of discretion implies a court's attitude is unreasonable, arbitrary, or unconscionable.  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).  In applying the abuse of discretion standard we may not substitute our judgment for that of the trial court.  *Pons v. Ohio State Medical Board*, 66 Ohio St.3d 619, 621, 641 N.E.2d 748 (1993).

{¶34} In *Quonset Hut v. Ford Motor Company*, 80 Ohio St.3d 46, 684 N.E.2d 319 (1997), the Ohio Supreme Court explained that for purposes of Civ.R. 41(B)(1), notice is present of an impending dismissal, with prejudice, when the appellant has

been informed that dismissal is a possibility and has had a reasonable opportunity to defend against dismissal.

**{¶35}** In this case, the record indicates appellant received proper notice of the possibility of dismissal and had a reasonable opportunity to defend against the dismissal.

**{¶36}** In a pretrial notice filed and sent to appellant on September 27, 2012 and in which the trial court set a pretrial for November 29, 2012, the trial court ordered "all unrepresented parties shall attend the pretrial conference personally." After appellant failed to appear for the November 29th pretrial, the trial court issued a judgment entry on December 3, 2012 and stated as follows:

On the basis of failing to appear despite an order of the Court, this matter shall be scheduled for another hearing on January 29, 2013 at 1:30 p.m. for the express purpose of plaintiff appearing to show cause why he should not be held in contempt or his case should not be dismissed due to his failure to prosecute his case pursuant to Civil Rule 41. It is so ordered. The Clerk of Courts is hereby ORDERED to serve a copy of the Judgment Entry upon all parties or counsel.

**{¶37}** It is clear appellant received the December 3rd judgment entry because on December 7, 2012, appellant filed objections to the court's December 3rd entry, questioning why he would be held in contempt and questioning why the court would potentially dismiss the action. Appellant filed another motion on January 18, 2013, prior to the January 29th hearing date, stating "claimant hereby states he will not attend a hearing where the process has been flawed * * *". After appellant filed numerous

motions, the trial court issued an order on January 15, 2013, adding the following motions for oral hearing on January 29, 2013, the same date and time as the previously scheduled show cause order: motion for adjustment to compensations filed by appellant, motion for definite statement filed by appellant, and motion for summary judgment filed by appellant. Despite the notice provided by the trial court, appellant did not appear for the January 29, 2013 hearing.

{¶38} The December 3rd judgment entry clearly and unambiguously ordered appellant to appear to "show cause why he should not be held in contempt or his case should not be dismissed due to his failure to prosecute his case pursuant to Civil Rule 41." There is no evidence appellant was not served with entry and appellant's subsequent filings demonstrate he did receive notice of the hearing. Thus, appellant was notified pursuant to Civ.R. 41(B) that dismissal of the action was possible. Further, appellant had reasonable opportunity to appear at the January 29th hearing to defend against the dismissal and explain why he failed to attend the November 29th pretrial, but failed to do so.

{¶39} We find the trial court did not abuse its discretion in dismissing the matter pursuant to Civ.R. 41(B).

*Outstanding Motions*

{¶40} Appellant argues the trial court erred in failing to rule on all of his motions and in specifically failing to rule on all outstanding motions prior to the Civil Rule 41(B) dismissal of the case. We disagree. The trial court's failure to rule on a motion creates a presumption that the trial court overruled the motion. *Brown v. Brown*, 11th Dist. No. 2001-L-051, 2002-Ohio-4364. Further, when a trial court enters judgment prior to ruling

on a pending motion, that motion is considered to have been implicitly denied. *Akron v. Molyneaux*, 144 Ohio App.3d 421, 760 N.E.2d 461 (9th Dist. 2001). In reviewing the record, we find the trial court did not err in overruling the numerous and often duplicative motions of appellant and the failure to rule on all of appellant's outstanding motions prior to the Civil Rule 41(B) dismissal is not a basis for us to reverse the trial court's judgment.

{¶41} Accordingly, we overrule appellant's first, second, third, and fourth assignments of error.

V, VI

{¶42} Appellant contends the trial court failed to perform its duties, was not impartial, and the trial court judge should have disqualified himself from the case. Appellant filed numerous motions throughout the case requesting the trial court judge recuse himself from the case and provided the trial court with copies of letters sent to the Chief Justice of the Supreme Court of Ohio by appellant requesting action on his behalf.

{¶43} The proper procedure in seeking recusal is to invoke R.C. 2701.03(A) which states the following:

> If a judge of the court of common pleas allegedly is interested in a
> proceeding pending before the court, allegedly is related to or has a bias
> or prejudice for or against a party to a proceeding pending before the court
> or a party's counsel, or allegedly otherwise is disqualified to preside in a
> proceeding pending before the court, any party to the proceeding or the

party's counsel may file an affidavit of disqualification with the clerk of the supreme court in accordance with division (B) of this section.

**{¶44}** It is well-established that, pursuant to R.C. 2701.03, the Chief Justice of the Supreme Court of Ohio has exclusive jurisdiction to determine a claim that a common pleas judge is biased or prejudiced. See *Jones v. Billingham*, 105 Ohio App.3d 8, 11, 663 N.E.2d 657 (2d Dist. 1995). If a common pleas litigant wishes to raise a challenge to a trial judge's objectivity, he or she must utilize the procedure set forth in R.C. 2701.03. See *In re Baby Boy Eddy*, 5th Dist. No. 99CA22, 2000 WL 1410 (1999). Disqualification proceedings are not initiated in the court of appeals and are not subject to review by the court of appeals. *Beer v. Griffith*, 54 Ohio St.2d 440, 377 N.E.2d 775 (1978). Thus, an appellate court lacks the authority to pass upon the disqualification of a common pleas court judge or to void the judgment of a trial court on that basis. *State v. Ramos*, 88 Ohio App.3d 394, 398, 623 N.E.2d 1336 (Ohio App. 9th Dist. 1993). Accordingly, appellant's fifth and sixth assignments of error are overruled.

{¶45} Based on the foregoing, appellant's first, second, third, fourth, fifth and sixth assignments of error are overruled. The rulings of the Licking County Common Pleas Court, including the January 30, 2013 dismissal of appellant's case, are affirmed.

By Gwin, P.J.,

Farmer, J., and

Baldwin, J., concur

_____

HON. W. SCOTT GWIN

_____

HON. SHEILA G. FARMER

_____

HON. CRAIG R. BALDWIN

WSG:clw 0819

[Cite as *Byrd v. Frush*, 2013-Ohio-3682.]

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

HOUSTON BYRD, JR.                          :
                                           :
            Plaintiff-Appellant            :
                                           :
                                           :
-vs-                                       :            JUDGMENT ENTRY
                                           :
JAMIE L. AND CAROL R. FRUSH                :
                                           :
                                           :
            Defendants-Appellee            :            CASE NO. 13-CA-10


    For the reasons stated in our accompanying Memorandum-Opinion, the rulings of

the Licking County Common Pleas Court, including the January 30, 2013 dismissal of

appellant's case, are affirmed.  Costs to appellant.


                                        _____
                                        HON. W. SCOTT GWIN


                                        _____
                                        HON. SHEILA G. FARMER


                                        _____
                                        HON. CRAIG R. BALDWIN