[Cite as *Johnson v. Johnson*, 2015-Ohio-4748.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| FRANK D. JOHNSON | : | | JUDGES: |
| | : | | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | | Hon. Sheila G. Farmer |
| | : | | Hon. Craig R. Baldwin, J. |
| -vs- | : | | |
| | : | | |
| KELLY A. JOHNSON | : | | Case No. 2015CA00076 |
| | : | | |
| Defendant - Appellant | : | | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Stark County Court
                                                        of Common Pleas, Domestic
                                                        Relations Divison, Case No. 2014-
                                                        DR-00932

JUDGMENT:                                  Affirmed

DATE OF JUDGMENT:                     November 17, 2015

APPEARANCES:

For Plaintiff-Appellee                        For Defendant-Appellant

TIMOTHY P. ASSAF                          JEFFREY V. HAWKINS
12 East Exchange Street                    Slater & Zurz, LLP
Fifth Floor                                        One Cascade Plaza, Suite 2210
Akron, Ohio 44308                            Akron, Ohio 44308-1135

*Baldwin, J.*

{¶1} Defendant-appellant Kelly Johnson appeals from the March 9, 2015 Final Entry Decree of Divorce and the March 30, 2015 Judgment Entry of the Stark County Court of Common Pleas, Domestic Relations Division, denying her Motion for New Trial.

STATEMENT OF THE FACTS AND CASE

{¶2} Appellant Kelly Johnson and appellee Frank Johnson were married on July 22, 2003. Two children were born as issue of such marriage.

{¶3} On September 3, 2014, appellee filed a complaint for divorce against appellant. Appellant filed an answer and counterclaim on October 8, 2014. As memorialized in a Judgment Entry filed on January 14, 2015, a trial was scheduled for February 25, 2015 at 9:00 a.m.

{¶4} Appellee, on February 24, 2015, filed a Motion for Sanctions against appellant. Appellee, in his motion, asked that appellant be sanctioned for failing to comply with an Order issued by the trial court on February 18, 2015 requiring her to provide answers to appellee's interrogatories and documents in response to appellee's Request for Production of Documents.

{¶5} Neither appellant nor her counsel appeared for trial. The trial court had received a message from appellant's counsel indicating that he had automobile mechanical problems the night prior to trial and was unable to secure transportation to the trial. Appellant's counsel further requested that appellee's counsel contact him which did occur. Despite appellant's lack of appearance, the trial court directed appellee to proceed with the trial because no request for continuance had been filed and no excusable neglect had been shown by appellant.

{¶6}    A Final Entry Decree of Divorce was filed on March 9, 2015. On March 20, 2015, appellant filed a Motion for New Trial Pursuant to Civil Rule 59 supported by the affidavit of her counsel. Appellant, in her motion, alleged that her trial counsel was unable to appear for trial due to car trouble and that appellant was informed by her counsel not to appear for trial for such reason.  The trial court denied appellant's motion as memorialized in a Judgment Entry filed on March 30, 2015. Pursuant to a Judgment Entry file on April 13, 2015, the trial court denied appellant's request for findings of fact and conclusions of law on the basis that "Civil Rule 52 is not applicable to a Rule 59 ruling."

{¶7}    Appellant now raises the following assignments of error on appeal:

{¶8}    I.      THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN THE TRIAL COURT PROCEEDED WITH TRIAL ON THE MERTIS (SIC) WHEN THE COURT WAS GIVEN AMPLE NOTIFICATION THAT COUNSEL FOR DEFENDANT/APPELLANT WAS UNABLE TO APPEAR AT TRIAL.

{¶9}    II.     THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN THE TRIAL COURT OVERRULED DEFENDANT/APPELLANT'S TIMELY APPLICATION FOR A NEW TRIAL PURSUANT TO CIVIL RULE 59.

{¶10}   III.    THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT DENIED DEFENDANT/APPELLANT'S TIMELY REQUEST FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW PURSUANT TO CIVIL RULE 52.

{¶11}   IV.     THE TRIAL COURT ERRED AND DENIED THE DEFENDANT/APPELLANT HER DUE PROCESS AS GUARANTEED UNDER BOTH THE UNITED STATES AND OHIO CONSTITUTION BY PROCEEDING WITH TRIAL

WITHOUT ALLOWING THE DEFENDANT TO BE REPRESENTED BY COUNSEL
AND BY ALLOWING THE DEFENDANT/APPELLANT TO BE HEARD AT TRIAL.

I, II, IV

{¶12} Appellant, in her first assignment of error, argues that the trial court erred
in proceeding to a trial on the merits when the court was given ample notification that
appellant's counsel was unable to appear for trial. In her second assignment of error,
appellant contends that the trial court erred in overruling her Motion for New Trial.
Appellant, in her fourth assignment of error, maintains that her due process rights were
violated when the trial court proceeded with the trial.

{¶13} Appellant, in the case sub judice, did not request a continuance of the trial.
The docket does not show that a request for a continuance was ever filed. Moreover,
the grant or denial of a continuance is a matter entrusted to the broad, sound discretion
of the trial court. *Polaris Ventures IV, Ltd. v. Silverman,* 5th Dist. Delaware No. 2005
CAE 11 0080, 2006–Ohio–4138, ¶ 14, citing *State v. Unger*, 67 Ohio St.2d 65, 423
N.E.2d 1078 (1981). In order to find an abuse of discretion, we must find the trial court's
decision was unreasonable, arbitrary or unconscionable and not merely an error of law
or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).
To constitute a sufficient ground for a continuance because of the absence of a party, it
must appear that: the party's absence is unavoidable, rather than voluntary; the party's
presence at trial is necessary; the continuance is made in good faith; and, the party will
probably be able to attend court at some reasonable future time. *State ex rel. Buck v.
McCabe*, 140 Ohio St. 535, 538, 45 N.E.2d 763 (1942), citing 17 Corpus Juris

Secundum, Continuances, p. 210, § 27. A litigant does not have a right to unreasonably delay a trial. See *Hartt v. Munobe*, 67 Ohio St.3d 3, 9, 1993–Ohio–177, 615 N.E.2d 617.

{¶14} In the case sub judice, the trial court indicated on the record that it had no motion before it but that its administrative assistant had received a call from appellant's counsel indicating that he had car trouble the night before and that he was unable to obtain a rental vehicle that morning. The trial court stated it "presume[d] he was asking for a continuance but I have no motion to that affect." Trial Transcript at 3. Appellee's counsel stated that they were able to proceed and the case had been "effectively pending in the Court for uh … about fourteen months" since the case was initially filed in early 2014 and had been voluntarily dismissed. Trial Transcript at 5.

{¶15} We find that the trial court did not err in proceeding with the trial because appellant's absence was not unavoidable and appellant did not request a continuance. With respect to due process, we note that, in civil proceedings, due process requires notice and a meaningful opportunity to be heard. *State v. Hayden,* 96 Ohio St.3d 211, 2002–Ohio–4169, 773 N.E.2d 502. We find that reasonable notice and opportunity to be heard were afforded to appellant under the facts and circumstances presented, and that the trial court did not err or abuse its discretion in declining to continue or reset the trial to a later date.

{¶16} Appellant, as is stated above, also argues that the trial court erred in denying her Motion for a New Trial pursuant to Civ.R. 59 (A)(1) or (3). Civ.R. 59(A) states, in relevant part, as follows: "A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds:(1) Irregularity in the proceedings of the court, jury, magistrate, or prevailing party, or any order of the

court or magistrate, or abuse of discretion, by which an aggrieved party was prevented from having a fair trial;…. (3) Accident or surprise which ordinary prudence could not have guarded against;…"

{¶17} The decision to grant or deny a motion for a new trial pursuant to Civ.R. 59 rests in the sound discretion of the trial court, and will not be reversed absent an abuse of that discretion. *Sharp v. Norfolk & W. Ry. Co.*, 72 Ohio St.3d 307, 312, 1995-Ohio-224, 649 N.E.2d 1219. An abuse of discretion connotes more than an error of law or judgment; rather, it implies that the trial court's attitude was unreasonable, unconscionable, or arbitrary. *Blakemore, supra.*

{¶18} Appellant argues that the "irregularity and accident or surprise was the inability of trial counsel for the Defendant/Appellant to appear for trial and the fact that that Court,…proceeded to trial on the merits…" However, for the reasons set forth above, we find that the trial court did not abuse its discretion in denying appellant's motion because there was no irregularity or accident or surprise.

{¶19} Appellant's first, second and fourth assignments of error are, therefore, overruled.

III

{¶20} Appellant, in her third assignment of error, argues that the trial court erred in denying her request for findings of fact and conclusions of law pursuant to Civ. R. 52 with respect to the denial of her Motion for New Trial pursuant to Civ.R. 59.

{¶21} As an initial matter, we note that the docket does not indicate that such a request had ever been filed. However, we further note that the trial court, pursuant to a

Judgment Entry filed on April 13, 2015, denied such request and that appellee, on the same date, filed a brief in opposition to appellant's request.

{¶22} Civ.R. 52 states, in relevant part, as follows: "When questions of fact are tried by the court without a jury, judgment may be general for the prevailing party unless one of the parties in writing requests otherwise before the entry of judgment pursuant to Civ. R. 58, or not later than seven days after the party filing the request has been given notice of the court's announcement of its decision, whichever is later, in which case, the court shall state in writing the findings of fact found separately from the conclusions of law. …"  "Pursuant to Civil Rule 52, the trial court is only required to provide findings of fact or conclusions of law when "questions of fact are tried by the court without a jury.' " *Byrd v. Frush*, 5th Dist. Licking No. 13–CA–10, 2013-Ohio-3682 at paragraph 31. The denial of a Motion for a New Trial does not qualify. Moreover, Civ.R. 59(D) only requires that the trial court specify the grounds for new trial when a Motion for New Trial is granted, not when it is denied.

{¶23} Appellant's third assignment of error is, therefore, denied.

{¶24} Accordingly, the judgment of the Stark County Court of Common Pleas, Domestic Relations Division, is affirmed.

By: Baldwin, J.

Hoffman, P.J. and

Farmer, J. concur.