[Cite as *Smith v. Ray Esser & Sons, Inc.*, 2011-Ohio-1529.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

RYAN SMITH

    Appellant

    v.

RAY ESSER & SONS, INC.

    Appellee

C.A. No.    10CA009798

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    09CV161264

DECISION AND JOURNAL ENTRY

Dated: March 31, 2011

BELFANCE, Presiding Judge.

{¶1}    Ryan Smith appeals the judgment of the Lorain County Court of Common Pleas granting summary judgment in favor of Ray Esser & Sons, Inc. We reverse and remand this matter to the trial court.

I.

{¶2}    Appellee Ray Esser & Sons, Inc. ("Esser") is a commercial plumbing contractor. On Appellant Ryan Smith's first day of work, June 30, 2008, Esser assigned Mr. Smith to work on a leaking fire hydrant. Another Esser employee, Charlie Clouser, acted as foreman.

{¶3}    On June 30, 2008, Esser dug a trench to access the source of the leak. Esser recommenced work in it on July 2, 2008. Due to recent rain and the leak in the hydrant, the trench was muddy at the bottom and the walls were wet. Mr. Clouser instructed Mr. Smith to chip away at a block called a thrust block. The thrust block had to be chipped away in order to access the area in the piping that required repair. While Mr. Smith was pulling out debris from

chipping away the thrust block, the trench started to fill rapidly with water. This was apparently because the removal of the thrust block allowed the piping to shift so that a mechanical compression joint in the piping separated and flooded the trench.

{¶4} Mr. Smith attempted to stand up and get out of the trench, but discovered that his left hand was trapped. He was submerged in the rising water. Although Mr. Clouser stated in an affidavit that he pulled Mr. Smith out of the water, Mr. Smith testified that he remembered floating up and climbing out of the water-filled trench himself. Mr. Smith sustained a torn tendon and six fractures in his middle finger.

{¶5} In March 2009, Mr. Smith commenced a workplace intentional tort action against Esser in the Lorain County Court of Common Pleas. Defendant Esser filed a Motion for Summary Judgment. Although there is a statute, R.C. 2745.01, that sets forth the standard to be applied in an employer intentional tort case, that statute was being challenged in a case before the Supreme Court of Ohio. In the Motion for Summary Judgment, Esser acknowledged that the statute was being challenged and instead argued that Esser was entitled to summary judgment under the common law standard for employer intentional torts.

{¶6} Mr. Smith submitted his brief in opposition to the motion for summary judgment on March 22, 2010. On March 23, 2010, the Supreme Court decided two cases upholding the constitutionality of R.C. 2745.01. *Stetter v. R.J. Corman Derailment Servs., L.L.C.*, 125 Ohio St.3d 280, 2010-Ohio-1029; *Kaminski v. Metal & Wire Prods. Co.,* 125 Ohio St.3d 250, 2010-Ohio-1027. On March 29, 2010, Esser filed a reply brief in which it argued that it was entitled to summary judgment based on the standard set forth in *Kaminski*, *Stetter*, and R.C. 2745.01. The trial court granted Esser's motion the next day, March 30, 2010. The court's analysis of the case

consisted of one sentence followed by a citation to *Kaminski* and R.C. 2745.01. Mr. Smith appeals from that judgment.

## II.

### ASSIGNMENT OF ERROR I

"THE TRIAL JUDGE ERRED, AS A MATTER OF LAW, BY GRANTING SUMMARY JUDGMENT ON THE BASIS OF STANDARDS WHICH WERE ASSERTED FOR THE FIRST TIME IN DEFENDANT-APPELLEE'S REPLY BRIEF."

**{¶7}** Mr. Smith asserts, in his first assignment of error, that the trial court committed reversible error in granting the motion for summary judgment based on grounds not set forth in the original motion. We agree.

**{¶8}** This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105. This Court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. *Viock v. Stowe-Woodward Co.* (1983), 13 Ohio App.3d 7, 12.

**{¶9}** Pursuant to Civ.R. 56(C), summary judgment is appropriate when:

"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327.

To succeed on a summary judgment motion, the movant "bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case." *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292. If the movant satisfies this burden, the non-moving party " 'must set forth specific facts showing that there is a genuine issue for trial.' " Id. at 293, quoting Civ.R. 56(E).

{¶10} In this case, it is undisputed that in its motion for summary judgment, Esser did not cite *Kaminski*, as that case had not yet been decided. Furthermore, to the extent that it cited R.C. 2745.01, Esser stated in its motion for summary judgment:

> "The legal standard to be applied in an employer intentional tort case is currently set forth in R.C. §2745.01. However, this statute was declared unconstitutional by the Seventh Ohio District Court of Appeals, and the case is currently pending in the Ohio Supreme Court (See Kaminiski [sic] v. Metal & Wire Prods., 7th Dist. No 07-CO-15, 2008-Ohio-1521, *cert granted*, (O.H. Aug. 6, 2008) (2008-0857). Until *Kaminiski* [sic] is decided, the standard by which employer intentional tort cases are to be judged reverts to the previously applied standard, articulated by the Ohio Supreme Court in *Fyffe v. Jeno's, Inc.* (1991), 59 Ohio St.3d 115."

Esser then set forth the argument that there is no genuine dispute of material fact under the *Fyffe* standard. It appears that Esser assumed the pending *Kaminski* case precluded the trial court from applying R.C. 2745.01, even though the statute had not been found unconstitutional by either this Court or the Supreme Court of Ohio. In any event, Esser did not seek to prove that it was entitled to summary judgment under the statutory standard.

{¶11} Esser's reply, however, filed after *Kaminski* and *Stetter* were decided, made arguments about whether Mr. Smith was able to meet the statutory standard. Esser had not made these arguments in the motion for summary judgment.

{¶12} "A party seeking summary judgment must specifically delineate the basis upon which summary judgment is sought in order to allow the opposing party a meaningful opportunity to respond." *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, syllabus. Esser's initial brief in support of its motion for summary judgment did not suffice to provide Mr. Smith with a meaningful opportunity to respond to Esser's arguments under the statutory standard. These arguments were first articulated in its reply brief.

{¶13} In the context of a motion for summary judgment, the burden that the nonmovant must meet in order to survive a motion for summary judgment is defined by the argument put forward in the original motion:

> "Civ.R. 56(E) provides in part: 'When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.' Rather than eliminate the non-moving party's burden, the requirement that the moving party, here appellee, be specific in his reasons for requesting summary judgment provides the non-moving party with the information needed to formulate an appropriate response as required by Civ.R. 56(E)." Id. at 115, quoting Civ.R. 56(E).

{¶14} It is for this reason that "it is reversible error to award summary judgment on grounds not specified in the motion for summary judgment." (Internal quotations and citations omitted.) *State ex rel. Sawicki v. Court of Common Pleas of Lucas Cty.*, 121 Ohio St.3d 507, 2009-Ohio-1523, ¶27.

{¶15} Typically, a reply brief should not set forth new arguments. Allowing new arguments in a reply brief denies respondents the meaningful opportunity to respond. As we have stated, "[r]eply briefs are usually limited to matters in rebuttal, and a party may not raise new issues for the first time. Otherwise, a litigant may resort to summary judgment by ambush." (Internal quotations and citations omitted.) *Lance Acceptance Corp. v. Claudio*, 9th Dist. No. 02CA008201, 2003-Ohio-3503, ¶18. As such, a court may properly strike a reply that raises new arguments, or it may allow time for respondents to file a surreply. See, generally, *Lawson v. Mahoning Cty. Mental Health Bd.*, 7th Dist. No. 10 MA 23, 2010-Ohio-6389, ¶¶50-51.

{¶16} In this particular circumstance, however, because the trial court granted Esser's summary judgment motion on the day after its reply brief was filed, Mr. Smith did not have the

opportunity to file a motion to strike or a motion to allow time for further briefing. He was thus denied a meaningful opportunity to respond to the arguments set forth in Esser's reply brief.

{¶17} The trial court's brief judgment entry cites R.C. 2745.01 and *Kaminski*, which were specifically argued only in the reply brief but not the original motion. Based on the language contained in the judgment, this Court necessarily reaches the conclusion that the trial court granted summary judgment on grounds not specified in the motion for summary judgment. Mr. Smith's first assignment of error is sustained and we reverse the judgment of the trial court.

## ASSIGNMENT OF ERROR II

"SINCE GENUINE ISSUES OF MATERIAL FACT EXIST UPON PLAINTIFF'S COMMON LAW WORKPLACE INTENTIONAL TORT THEORY OF LIABILITY, SUMMARY JUDGMENT WAS IMPROVIDENTLY GRANTED AS A MATTER OF LAW."

{¶18} Mr. Smith argues in his second assignment of error that the trial court erred in granting summary judgment because genuine issues of material fact exist as to his common law workplace intentional tort claim. Because we have reversed the trial court's grant of summary judgment, this issue is moot.

{¶19} We therefore reverse the judgment entry granting summary judgment to Esser and remand this matter to the trial court.

Judgment reversed,

and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

---

EVE V. BELFANCE
FOR THE COURT


WHITMORE, J.
MOORE, J.
CONCUR


APPEARANCES:

W. CRAIN BASHEIN and THOMAS J. SHEEHAN, Attorneys at Law, for Appellant.

KENNETH J. KNABE, Attorney at Law, for Appellant.

PAUL W. FLOWERS, Attorney at Law, for Appellant.

JOHN A. FIOCCA, JR. and ROBERT F. SMITH, Attorneys at Law, for Appellee.