[Cite as *Deutsche Bank Natl. Trust Co. v. Brown*, 2016-Ohio-907.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS TRUSTEE FOR
FIRSTFRANKLIN MORTGAGE LOAN
TRUST 2006-FF11, MORTGAGE PASS-
THROUGH CERTIFICATES, SERIES
2006-FF11

      Appellee

      v.

MARLENE S. BROWN, et al.

      Appellant

C.A. No.      27829

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CV-2014-09-4393

DECISION AND JOURNAL ENTRY

Dated: March 9, 2016

HENSAL, Judge.

{¶1}   Defendant-Appellant, Marlene Brown, appeals from the judgment of the Summit County Court of Common Pleas, granting summary judgment to Plaintiff-Appellee, Deutsche Bank National Trust Company, as Trustee for First Franklin Mortgage Loan Trust 2006-FF11, Mortgage Pass-Through Certificates, Series 2006-FF11, on its complaint in foreclosure. For the following reasons, this Court affirms.

I.

{¶2}   Deutsche Bank National Trust Company, as Trustee for First Franklin Mortgage Loan Trust 2006-FF11, Mortgage Pass-Through Certificates, Series 2006-FF11 ("Deutsche Bank") filed a complaint in foreclosure against Marlene Brown, asserting that she had breached the terms and conditions of her promissory note, and that Deutsche Bank satisfied all conditions

precedent under the note and mortgage. Deutsche Bank alleged that the note was in default due to nonpayment, rendering the debt immediately due and payable.

{¶3}    Months later, Deutsche Bank moved for summary judgment. Ms. Brown filed a brief in opposition, and Deutsche Bank filed a reply. Following Deutsche Bank's reply, Ms. Brown moved the trial court for leave to file a surreply. Without ruling on Ms. Brown's motion for leave, the trial court granted Deutsche Bank's motion for summary judgment and issued a decree of foreclosure. Ms. Brown appealed, raising four assignments of error. Ms. Brown subsequently withdrew her fourth assignment of error, leaving three assignments of error for our review.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED WHEN, IN CONTRAVENTION OF CIVIL RULE 56(C) AND DUE PROCESS, IT FAILED TO DETERMINE THAT MS. BROWN HAD AN AUTOMATIC RIGHT TO AN OPPORTUNITY TO FILE A SURREPLY IN REPLY TO DEUTSCHE BANK'S REPLY TO MS. BROWN'S REPLY TO DEUTSCHE BANK'S MOTION FOR SUMMARY JUDGMENT.

{¶4}    In her first assignment of error, Ms. Brown argues that the trial court violated Civil Rule 56(C) and due process when it failed to determine that she had an automatic right to file a surreply to Deutsche Bank's reply brief to her brief in opposition to its motion for summary judgment. In response, Deutsche Bank argues, in part, that Civil Rule 56(C) does not permit surreplies, and that the moving party is entitled to "the last word" on a motion for summary judgment.

{¶5}    The version of Civil Rule 56(C) in effect at the time of the parties' summary-judgment briefing provided that "[t]he motion shall be served at least fourteen days before the time fixed for hearing. The adverse party, prior to the day of hearing, may serve and file

opposing affidavits." Ms. Brown construes this language as providing an "unfettered" and "automatic" right to file a surreply. Summit County Local Rule 7.14(C)(1), however, provides that a party may file a surreply only with leave of court upon a showing of good cause. Loc.R. 7.14(C)(1) of the Court of Common Pleas of Summit County, General Division. Ms. Brown, therefore, argues that Local Rule 7.14(C)(1) contravenes Civil Rule 56(C) and violates her due-process right to be heard.

{¶6} Ms. Brown's argument lacks merit. Courts may adopt local rules governing the filing of responses to motions for summary judgment so long as they are not inconsistent with rules set forth by the Supreme Court of Ohio. Ohio Constitution, Article IV, Section 5(B); Civ.R. 83(A); *see Hooten v. Safe Auto Ins. Co.*, 100 Ohio St.3d 8, 2003-Ohio-4829, ¶ 28 (recognizing that "[t]here are many variations of local rules regarding the filing of responses to motions for summary judgment[.]"). Despite Ms. Brown's arguments, nothing in Civil Rule 56(C) provides for an "unfettered" or "automatic" right to file a surreply. *See First Fin. Servs., Inc. v. Cross Tabernacle Deliverance Church, Inc.*, 10th Dist. Franklin No. 06AP-404, 2007-Ohio-4274, ¶ 39 (stating that "the Ohio Rules of Civil Procedure contain no provision for filing a surreply to a motion for summary judgment."). Because Civil Rule 56(C) contains no provision for filing a surreply, Ms. Brown's argument that Local Rule 7.14(C)(1) contravenes Civil Rule 56(C) and violates due process by denying her the automatic right to file a surreply lacks merit. Accordingly, Ms. Brown's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

> THE TRIAL COURT ERRED WHEN, PURSUANT TO LOCAL RULE, IT FAILED TO DETERMINE THAT MS. BROWN DEMONSTRATED GOOD CAUSE FOR PURPOSES OF FILING A SURREPLY TO DEUTSCHE BANK'S REPLY TO MS. BROWN'S REPLY TO DEUTSCHE BANK'S MOTION FOR SUMMARY JUDGMENT.

{¶7}    In her second assignment of error, Ms. Brown argues that the trial court erred by failing to determine that she demonstrated good cause for purposes of filing a surreply under Local Rule 7.14(C)(1).  As an initial matter, we note that the trial court did not render a judgment specifically denying Ms. Brown's motion for leave to file a surreply.  Rather, it implicitly overruled the pending motion when it granted Deutsche Bank's motion for summary judgment. *Georgeoff v. O'Brien*, 105 Ohio App.3d 373, 378 (9th Dist.1995) ("When a trial court fails to rule upon a motion, it will be presumed that it was overruled.").

{¶8}    As discussed above, Local Rule 7.14(C)(1) permits a party to file a surreply "with leave of the Court only upon a showing of good cause."  Loc.R. 7.14(C)(1).  We review a trial court's decision to grant or deny a surreply for an abuse of discretion.  *First Fin. Servs., Inc.*, 2007-Ohio-4274, at ¶ 39.  An abuse of discretion implies that a trial court was unreasonable, arbitrary or unconscionable in its judgment.  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶9}    In her motion, Ms. Brown argued that good cause existed because Deutsche Bank made inaccurate and misleading statements in its reply brief, and it mischaracterized the summary-judgment standard.  Her arguments, however, were duplicative of those raised in her initial reply to Deutsch Bank's motion for summary judgment.  Additionally, our review of the summary-judgment briefing indicates that the arguments raised in Deutsch Bank's reply brief were responsive to those raised in Ms. Brown's brief opposition, and echoed those raised in its original motion.  Ms. Brown, therefore, was not denied a meaningful opportunity to respond to Deutsch Bank's arguments. *Smith v. Ray Esser & Sons, Inc.*, 9th Dist. Lorain No. 10CA009798, 2011-Ohio-1529, ¶ 15 ("Allowing new arguments in a reply brief denies respondents the meaningful opportunity to respond.").  Accordingly, we find that the trial court could have

reasonably concluded that Ms. Brown did not demonstrate good cause for purposes of Local Rule 7.14(C)(1). Ms. Brown's second assignment of error is overruled.

### ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED WHEN IT EFFECTIVELY DETERMINED THAT, PURSUANT TO PARAGRAPH 22 OF THE MORTGAGE, DEUTSCHE BANK'S NOTICE OF DEFAULT PROPERLY SPECIFIED THE DEFAULT AND THE ACTION REQUIRED TO CURE THE DEFAULT FOR PURPOSES OF AVOIDING ACCELERATION.

{¶10} In her third assignment of error, Ms. Brown argues that the trial court erred by granting summary judgment in favor of Deutsche Bank because Deutsche Bank failed to establish that it satisfied the conditions precedent to foreclosure. Specifically, Ms. Brown argues that the notice of default was insufficient because it contained "ambiguous and confusing" language regarding the amount she needed to pay to cure the default and avoid acceleration.

{¶11} We review an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). "We apply the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party." *Garner v. Robart*, 9th Dist. Summit No. 25427, 2011-Ohio-1519, ¶ 8.

{¶12} Paragraph 22 of the mortgage governs acceleration. It provides that, prior to acceleration, the lender must provide the borrower a notice that specifies: (1) the default; (2) the action required to cure the default; (3) a date by which the default must be cured, which cannot be less than 30 days from the date the notice is given to the borrower; (4) that the borrower's failure to cure the default on or before the specified date may result in acceleration, foreclosure, and the sale of the property; and (5) that the borrower has the right to reinstate after acceleration and has the right to assert defenses in any foreclosure proceeding.

**{¶13}** A review of the notice issued to Ms. Brown indicates that it contained all of the required information. Ms. Brown seemingly concedes that the required information is present, but argues that two additional "contradictory and/or ambiguous statements" rendered the notice insufficient because it required her to speculate as to the action required to cure the default. The statements at issue are as follows: (1) "For the loan to be current and not in default, any additional monthly payments, late charges and other charges that may be due under the note, mortgage and applicable law after the date of this notice must also be paid."; and (2) "If funds are not received by the above referenced date, we will proceed with acceleration."

**{¶14}** We do not find the additional statements to be contradictory or ambiguous, nor do we find that they required Ms. Brown to speculate as to the action required to cure the default. In this regard, the statements come after the language advising Ms. Brown of the exact amount of the delinquency ($95,263.85) and the date by which she is required to pay (August 19, 2014) in order to avoid acceleration. The additional statements simply contemplate the possibility of Ms. Brown's continued nonpayment and do not affect the sufficiency of the notice. *See Wells Fargo Bank, N.A. v. Murphy*, 7th Dist. Mahoning No. 13 MA 35, 2014-Ohio-2937, ¶ 29-31 (addressing a similar argument and holding that statements contemplating the possibility of continued nonpayment did not affect the validity of the notice). We, therefore, find no merit in Ms. Brown's argument and hold that the trial court did not err in granting summary judgment in favor of Deutsche Bank. Ms. Brown's third assignment of error is overruled.

### III.

**{¶15}** Ms. Brown's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

MOORE, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

GREGORY R. SAIN, Attorney at Law, for Appellant.

SCOTT A. KING and TERRY W. POSEY, Attorneys at Law, for Appellee.