[Cite as *Kyser v. Summit Cty. Children Servs.*, 2022-Ohio-3467.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| KELLY D. KYSER | C.A. No. 30080 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| SUMMIT COUNTY CHILDREN SERVICES | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO CASE No. CV-2021-04-1244 |
| Appellee | |

DECISION AND JOURNAL ENTRY

Dated: September 30, 2022

TEODOSIO, Presiding Judge.

{¶1}   Kelly D. Kyser appeals the judgment of the Summit County Court of Common Pleas dismissing her administrative appeal.  We affirm.

I.

{¶2}   On March 16, 2021, Summit County Children Services ("SCCS") issued a decision determining that a finding of child abuse against Ms. Kyser was supported by the evidence and appropriate under R.C. 2151.031(B) and (D).  On April 19, 2021, Ms. Kyser filed a notice of administrative appeal with the Summit County Court of Common Pleas appealing the decision.

{¶3}   SCCS filed a motion to dismiss for lack of subject-matter jurisdiction, to which Ms. Kyser responded in opposition.  Ms. Kyser also filed a motion to supplement the record.  SCCS filed a reply brief with an affidavit of a SCCS employee attached as an exhibit.  Ms. Kyser filed a motion to strike the reply brief, or in the alternative, for leave to file a surreply.  The Court of Common Pleas denied the motion to strike and granted Ms. Kyser leave to file a surreply, which

she subsequently filed. Ms. Kyser further filed a motion captioned "Appellant's Motion to Proceed Pursuant to [R.C.] 2506.03(B) and Conduct Discovery." In July 2021, the Court of Common Pleas granted the motion to dismiss for lack of jurisdiction and found all remaining motions moot. Ms. Kyser now appeals, raising two assignments of error.

II.

ASSIGNMENT OF ERROR ONE

THE COURT ERRED IN FAILING TO GRANT THE APPELLANT'S MOTION TO PROCEED PURSUANT TO R.C. 2506.03(B); AND IN DENYING APPELLANT'S MOTION TO STRIKE AND ALLOWING APPELLEE TO CREATE NEW EVIDENTIARY MATERIAL CREATED AFTER THE NOTICE OF APPEAL IN LIEU OF A RECORD ON APPEAL, IN VIOLATION OF APPELLANT'S RIGHT TO DUE PROCESS UNDER ARTICLE I, SECTION 16, OF THE OHIO CONSTITUTION AND THE 14TH AMENDMENT TO THE U.S. CONSTITUTION.

{¶4} In her first assignment of error, Ms. Kyser argues the Court of Common Pleas erred by denying her motion to strike the reply brief filed by SCCS. We disagree.

{¶5} A trial court's decision to deny a motion to strike will not be overturned on appeal absent an abuse of discretion. *Towns v. WEA Midway, LLC*, 9th Dist. Lorain No. 06CA009013, 2007-Ohio-5121, ¶ 17, citing *Matthews v. D'Amore*, 10th Dist. Franklin No. 05AP-1318, 2006-Ohio-5745, ¶ 25. "[T]he trial court retains the discretion to admit or exclude evidence." *McPherson v. Goodyear Tire & Rubber Co.*, 9th Dist. Summit No. 21499, 2003-Ohio-7190, ¶ 7; *see also State v. Sage*, 31 Ohio St.3d 173 (1987), paragraph two of the syllabus. An appellate court will not disturb a decision regarding the admission or exclusion of evidence absent an abuse of discretion that has materially prejudiced the appellant. *Towns* at ¶ 17, citing *Sage* at 182.

{¶6} "Typically, a reply brief should not set forth new arguments [as] allowing new arguments in a reply brief denies respondents the meaningful opportunity to respond." *Smith v. Ray Esser & Sons, Inc.*, 9th Dist. Lorain No. 10CA009798, 2011-Ohio-1529, ¶ 15. As we have

stated, "[r]eply briefs are usually limited to matters in rebuttal, and a party may not raise new issues for the first time. Otherwise, a litigant may resort to summary judgment by ambush." (Internal quotations and citations omitted.) *Id.*, quoting *Lance Acceptance Corp. v. Claudio*, 9th Dist. Lorain No. 02CA008201, 2003–Ohio–3503, ¶ 18. "As such, a court may properly strike a reply that raises new arguments, or it may allow time for respondents to file a surreply." *Id.*

**{¶7}** The reply brief filed by SCCS in response to Ms. Kyser's opposition to their motion to dismiss attached the affidavit of an individual employed as a Quality Improvement Support Specialist for SCCS who attested that the letter of final decision had been sent to Ms. Kyser's attorney via certified mail on March 16, 2021. Ms. Kyser filed a motion to strike the reply brief, or in the alternative, for leave to file a surreply. Accordingly, the Court of Common Pleas denied the motion to strike, but granted the motion for leave, and Ms. Kyser subsequently filed her surreply.

**{¶8}** Although generally a reply brief may not raise new arguments and is limited to rebuttal, we find no error in the Court of Common Pleas' decision to allow both the SCCS's reply brief and Ms. Kyser's surreply. As this Court has stated, a reply brief containing new arguments is appropriately stricken, but it is also appropriate for the court to allow for a surreply brief. *See Smith* at ¶ 15. Furthermore, Ms. Kyser had motioned the court in the alternative to allow her to file a surreply brief, with leave being granted and the surreply being filed. Ms. Kyser was thus given the opportunity to address any new information or arguments raised in SCCS's reply brief. Consequently, we find no abuse of discretion by the trial court, and no merit to Ms. Kyser's contention that her right to due process had been infringed on the grounds that she had no meaningful opportunity to respond to the new information.

{¶9}     Ms. Kyser further argues that the Court of Common Pleas erred by failing to grant her "Motion to Proceed Pursuant to [R.C.] 2506.03(B) and Conduct Discovery." We disagree. On the basis of SCCS's motion to dismiss and the subsequent briefs, the Court of Common Pleas determined that it lacked jurisdiction to hear the appeal. Ms. Kyser's motion argued that because SCCS failed to file the transcript of proceedings within the requisite time-period, the Court of Common Pleas was required to hear additional evidence beyond the transcript of proceedings. Because the Court of Common Pleas concluded that it lacked jurisdiction, we find no error in its determination that Ms. Kyser's Motion to Proceed was rendered moot.

{¶10}   Ms. Kyser's first assignment of error is overruled.

ASSIGNMENT OF ERROR TWO

THE COURT ERRED IN FAILING TO APPLY APP.R. 14(C) TO THE CALCULATION OF TIME FOR FILING A NOTICE OF APPEAL IN ACCORDANCE WITH R.C. 2505.03 AS CHAPTER 2505 LACKS A METHODOLOGY FOR TIME CALCULATION AND, REGARDLESS, THE COURT ERRED IN CALCULATING TIME FOR APPEAL FROM THE DATE OF THE LETTER PROVIDING NOTICE, RATHER THAN THE DATE OF RECEIPT.

{¶11}   In her second assignment of error, Ms. Kyser argues the Court of Common Pleas erred in failing to apply App.R. 14(C) to its calculation of the time for filing the notice of appeal. We disagree.

{¶12}   A trial court's dismissal of a matter for lack of subject-matter jurisdiction inherently raises questions of law which this Court reviews de novo. *Servpro v. Kinney*, 9th Dist. Summit No. 24969, 2010–Ohio–3494, ¶ 11, citing *Exchange St. Assocs., L.L.C. v. Donofrio*, 187 Ohio App.3d 241, 2010–Ohio–127, ¶ 4 (9th Dist.). "A de novo review requires an independent review of the trial court's decision without any deference to the trial court's determination." *State v. Consilio*, 9th Dist. Summit No. 22761, 2006-Ohio-649, ¶ 4.

**{¶13}** R.C. 2505.04, in pertinent part, sets forth the procedure for perfecting an administrative appeal: "An appeal is perfected when a written notice of appeal is filed * * * with the administrative officer, agency, board, department, tribunal, commission, or other instrumentality involved." Further, R.C. 2505.07 provides: "After the entry of a final order of an administrative officer, agency, board, department, tribunal, commission, or other instrumentality, the period of time within which the appeal shall be perfected, unless otherwise provided by law, is thirty days." If the procedure set forth by R.C. 2505.04 is not followed, then the common pleas court does not have jurisdiction to hear the appeal and must dismiss it. *Helms v. Akron Health Dept.*, 9th Dist. Summit No. 21735, 2004-Ohio-3408, ¶ 11. Similarly, if the notice of appeal is filed with the administrative body after the 30–day period, then the notice of appeal is untimely and the trial court lacks jurisdiction to consider the appeal. *See id.* at ¶ 12–13.

**{¶14}** In the case sub judice, the Court of Common Pleas determined that the date of the final decision from the SCCS was March 16, 2021, and that in accordance with R.C. 2505.07, notice of appeal was required to be filed on or before April 15, 2021. Because notice was not filed until April 19, 2021, the Court of Common Pleas concluded that the appeal had not been perfected in accordance with statute and that it therefore lacked jurisdiction to hear the appeal.

**{¶15}** Ms. Kyser argues that the Court of Common Pleas failed to apply R.C. 2505.03 and App.R. 14 in determining the period of time to perfect the appeal.

**{¶16}** R.C. 2505.03(B) provides:

Unless, in the case of an administrative-related appeal, Chapter 119. or other sections of the Revised Code apply, such an appeal is governed by this chapter and, to the extent this chapter does not contain a relevant provision, the Rules of Appellate Procedure. When an administrative-related appeal is so governed, if it is necessary in applying the Rules of Appellate Procedure to such an appeal, the administrative officer, agency, board, department, tribunal, commission, or other instrumentality shall be treated as if it were a trial court whose final order,

judgment, or decree is the subject of an appeal to a court of appeals or as if it were a clerk of such a trial court.

{¶17} App.R. 14 provides:

(A) Computation of Time.  In computing any period of time prescribed or allowed by these rules, by the local rules of any court, by an order of court or by any applicable statute, the day of the act, event or default from which the designated period of time begins to run shall not be included.  The last day of the period so computed shall be included, unless it is a Saturday, Sunday or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, Sunday or a legal holiday.  When the period of time prescribed or allowed is less than seven days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation.

(B) Enlargement or Reduction of Time.  For good cause shown, the court, upon motion, may enlarge or reduce the time prescribed by these rules or by its order for doing any act, or may permit an act to be done after the expiration of the prescribed time. The court may not enlarge or reduce the time for filing a notice of appeal or a motion to certify pursuant to App. R. 25.  Enlargement of time to file an application for reconsideration or for en banc consideration pursuant to App. R. 26(A) shall not be granted except on a showing of extraordinary circumstances.

(C) Additional Time After Service by Mail or Commercial Carrier Service.  Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after service of a notice or other document upon that party and the notice or paper is served upon the party by mail or commercial carrier service under App.R. 13(C)(4), three days shall be added to the prescribed period. This division does not apply to responses to service of summons in original actions.

Ms. Kyser contends that pursuant to R.C. 2505.03(B), App.R. 14(C) should be applied to allow for three extra days to perfect the appeal.

{¶18} "The filing of a notice of appeal under R.C. 2505.04 is essential to vest the common pleas court with jurisdiction over an administrative appeal." *Harris v. City of Akron Hous. Appeals Bd.*, 9th Dist. Summit No. 21197, 2003-Ohio-724, ¶ 8, citing *Chapman v. Hous. Appeals Bd.*, 9th Dist. Summit No. 18166, 1997 WL 537651, *2 (Aug. 13, 1997). An appeal from an administrative board must be perfected within 30 days after the entry of the final order. R.C. 2505.07.  "This

Court has held that a board enters its final order for purposes of perfecting an appeal when it sends written notification of its decision to the party." *Chapman* at *3, citing *Farinacci v. Twinsburg*, 14 Ohio App.3d 20, 21 (9th Dist.1984).

{¶19} "In administrative appeals from orders of agencies, the Supreme Court of Ohio has consistently held that failure to comply with the time requirements for filing notices of appeal deprives the common pleas court of jurisdiction and is fatal to an appeal." *Robinson v. Ohio Dept. of Liquor Control*, 11th Dist. Portage, 2000 WL 816252, *2 (June 23, 2000). "An appeal, the right to which is conferred by statute, can be perfected only in the mode prescribed by statute. The exercise of the right conferred is conditioned upon compliance with the accompanying mandatory requirements." *Zier v. Bur. of Unemp. Comp.*, 151 Ohio St. 123 (1949), paragraph one of syllabus. One mandatory requirement is that filing of the notices must be done within the deadline established by statute with both the court of common pleas and with the particular agency involved. *Nibert v. Ohio Dept. of Rehab. & Corr.*, 84 Ohio St.3d 100, 102 (1998).

{¶20} "A reviewing court does not have jurisdiction to hear the appeal without literal compliance with the appeal provisions." *Harris* at ¶ 8, citing *Chapman* at *3. "These provisions are mandatory, and a court does not have the authority to adopt a substantial compliance test and/or a mailbox depository rules as to the filing of an administrative appeal." *Id.*, quoting *Chapman* at *3. Where the right to appeal is conferred by statute, the court must adhere to time requirements set forth in the statute and the appellate rules cannot be used to extend the time for filing the appeal. *Robinson* at *2. Furthermore, App.R. 14(B) specifically states that no court may enlarge or reduce the time for filing a notice of appeal.

{¶21} The Ohio Rules of Appellate Procedure apply to administrative decisions only to the extent that such decisions are not governed by a relevant division of Chapter 2505 of the

Revised Code. *See* R.C. 2505.03(B). We conclude that R.C. 2505.07 specifically addresses the time for perfecting an appeal, and that reference to App.R. 14(C) is therefore inapplicable. *See Frasca v. State Bd. of Chiropractic Examiners*, 10th Dist. Franklin No. 97APE10-1387, 1998 WL 429129, \*4 (July 30, 1998) (noting that R.C. 119.12 set forth specific requirements for the administrative appeal in question that must be strictly followed to invoke jurisdiction). We further note that App.R. 14(C), otherwise known as the "mailbox rule," has no application to jurisdictional requirements of timeliness in filing an appeal with a court. *Frasca* at \*4; *Harris* at ¶ 8. App.R. 14(C) does not extend the time for filing an appeal because the prescribed 30-day period under R.C. 2505.07 commences with the mailing of the notice of the agency's order and is not dependent upon service of a paper upon appellant. *See Frasca* at \*4.

{¶22} Ms. Kyser's second assignment of error is therefore overruled.

III.

{¶23} Ms. Kyser's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period

for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
THOMAS A. TEODOSIO
FOR THE COURT

CALLAHAN, J.
SUTTON, J.
CONCUR.

APPEARANCES:

RICK L. BRUNNER and PATRICK M. QUINN, Attorneys at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN R. DIMARTINO, Assistant Prosecuting Attorney, for Appellee.