**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as**
*Kyser v. Summit Cty. Children Servs.*, **Slip Opinion No. 2024-Ohio-2898.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-2898

KYSER, APPELLANT, *v.* SUMMIT COUNTY CHILDREN SERVICES, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Kyser v. Summit Cty. Children Servs.*,**

**Slip Opinion No. 2024-Ohio-2898.]**

*Administrative law—R.C. 2506.01—A final order or decision of an agency that determines a person's rights, duties, privileges, benefits, or legal relationships may be appealed to court of common pleas—Because an agency's disposition finding that an allegation of child abuse is substantiated is not a final order under R.C. 2506.01, common pleas court lacked jurisdiction to hear appeal—Court of appeals' judgment vacated and cause dismissed.*

(Nos. 2022-1419 and 2023-0126—Submitted September 13, 2023—Decided August 7, 2024.)

APPEAL from and CERTIFIED by the Court of Appeals for Summit County, No. 30080, 2022-Ohio-3467.

_____

DETERS, J., authored the opinion of the court, which KENNEDY, C.J., and FISCHER, DEWINE, and BYRNE, JJ., joined. DONNELLY, J., dissented, with an opinion joined by STEWART, J. MATTHEW BYRNE, J., of the Twelfth District Court of Appeals, sat for BRUNNER, J.

**DETERS, J.**

**{¶ 1}** A public children-services agency determined that an allegation that Kelly D. Kyser had abused her foster child was substantiated. Kyser's challenge to that disposition through the agency's administrative-review process was unsuccessful, so she appealed the disposition to the Summit County Court of Common Pleas. That court dismissed her appeal as untimely, and the Ninth District Court of Appeals affirmed. We accepted Kyser's discretionary appeal and recognized a conflict among Ohio's appellate districts regarding when the time to file an appeal under R.C. 2505.07 begins to run. But we do not reach that issue, because we conclude that the common pleas court did not have jurisdiction over Kyser's appeal.

**{¶ 2}** Under R.C. 2506.01, a person may appeal a final order or decision of an agency that determines her "rights, duties, privileges, benefits, or legal relationships." An agency's disposition finding that an allegation of abuse is substantiated determines none of those things. While certain consequences for a person accused of child abuse may result from an agency's finding that the abuse allegation is substantiated, the agency's disposition itself does not determine those consequences. The common pleas court therefore did not have jurisdiction to hear Kyser's appeal. Accordingly, we vacate the Ninth District's judgment and dismiss the appeal.

## I. BACKGROUND

**{¶ 3}** Kyser and her husband began fostering G.T. in 2018. In November 2020, Summit County Children Services ("SCCS") received a report alleging that

Kyser had abused G.T. by making him pick up dog feces while he was not wearing gloves. SCCS informed Kyser that she was being investigated for abuse and removed G.T. from Kyser's home.

{¶ 4} SCCS's investigation into Kyser's alleged abuse of G.T. continued until December 11, 2020. SCCS determined that the allegation that Kyser's conduct constituted "Emotional Maltreatment/Mental Injury" was unsubstantiated. However, SCCS determined that the allegation of physical abuse was substantiated. SCCS notified Kyser of those results through a letter dated December 16, 2020.

{¶ 5} Kyser appealed the physical-abuse disposition through SCCS's administrative-review process. SCCS held an administrative hearing on the matter on February 25, 2021. And following that hearing, SCCS upheld the disposition that the physical-abuse allegation was substantiated, finding that Kyser had created a substantial risk to G.T.'s health and safety and had caused him to suffer physical or mental injury that threatened his health or welfare. A letter from SCCS dated March 16, 2021, advised Kyser of that determination.

{¶ 6} Kyser appealed SCCS's disposition to the Summit County Court of Common Pleas under R.C. 2506.01. She filed her appeal on April 19, 2021—which complied with the 30-day deadline for filing an appeal under R.C. 2505.07, if that time ran from the date that her counsel received the March 16, 2021 disposition letter. SCCS, however, moved to dismiss her appeal, arguing that it was untimely. In SCCS's view, the 30-day deadline to appeal under R.C. 2505.07 ran from the date that it mailed the letter, not from the date the letter was received. The trial court agreed with SCCS and dismissed the appeal. The Ninth District affirmed. 2022-Ohio-3467, ¶ 23 (9th Dist.).

{¶ 7} We accepted jurisdiction over Kyser's appeal, and we recognized a conflict among the appellate districts on the appeal-deadline issue and ordered briefing on the following question:

3

Does the prescribed 30-day period under R.C. 2505.07 commence with the mailing of the notice of the agency's order or with the date of receipt?

2023-Ohio-773. Before oral argument, we ordered the parties to file supplemental briefs on the question whether SCCS's March 16, 2021 disposition letter was a final, appealable order under R.C. 2506.01. 2023-Ohio-2950.

## II. ANALYSIS

{¶ 8} Before we may consider the merits of Kyser's appeal, we must determine whether the common pleas court had jurisdiction over the matter in the first place. We conclude that a public children-services agency's disposition on a child-abuse allegation under R.C. 2151.421 is not appealable under R.C. 2506.01, because the disposition does not determine a person's "rights, duties, privileges, benefits, or legal relationships," R.C. 2506.01(C).

*A. Ohio's statutory scheme for disposing of reports of child abuse*

{¶ 9} A public children-services agency such as SCCS is statutorily mandated to investigate reports of child abuse. *See* R.C. 2151.421(G)(1); *see also* R.C. 5153.16(A)(1). The investigation must be conducted with law enforcement. R.C. 2151.421(G)(1). Upon completion of the investigation, the agency is required to issue a case disposition regarding the report of abuse. R.C. 2151.421(I)(5). A case disposition is a "determination of whether or not abuse or neglect has occurred or is occurring . . . ." Adm.Code 5101:2-1-01(B)(46).

{¶ 10} There are six possible case dispositions for a report of abuse: (1) "Substantiated," (2) "Indicated," (3) "Unsubstantiated," (4) "Family moved," (5) "Family moved out of county," and (6) "Unable to locate." *Id.* Relevant here, a "[s]ubstantiated report" is a disposition "in which there is an admission of child abuse or neglect by the person(s) responsible; an adjudication of child abuse or

4

neglect; or other forms of confirmation deemed valid by the [investigating agency]." Adm.Code 5101:2-1-01(B)(313).

{¶ 11} The disposition must be communicated to the alleged perpetrator of the abuse, R.C. 2151.421(I)(5), and to law enforcement, R.C. 2151.421(G)(1) through (2). It also must be communicated to the Ohio Department of Job and Family Services ("ODJFS"), which then documents the disposition in Ohio's Statewide Automated Child Welfare Information System ("SACWIS"). *See* R.C. 2151.421(G)(1) and 5101.13. With limited exceptions, the report of the abuse, the investigation, and the disposition are confidential. *See* R.C. 2151.421(I)(1). *See also* R.C. 5101.131 ("Except as provided in [R.C. 5101.132], information contained in or obtained from [SACWIS] is confidential and is not subject to disclosure pursuant to [R.C. 149.43 or 1347.08.]"); Adm.Code 5101:2-33-21(A) ("Each referral, assessment/investigation and provision of services related to reports of child abuse . . . is confidential.").

{¶ 12} An alleged perpetrator of abuse who disagrees with the agency's disposition may appeal it to the agency. Adm.Code 5101:2-33-20. Following a hearing, the agency shall change the disposition if it "was made in error," the alleged perpetrator "did not engage in conduct constituting child abuse or neglect," or the "disposition is not supported by the totality of the information presented." Adm.Code 5101:2-33-20(G). "The decision of the [agency] regarding the report disposition appeal shall be final and the decisions are not subject to state hearing review under [R.C. 5101.35]." Adm.Code 5101:2-33-20(H).

*B. Administrative appeals under R.C. 2506.01*

{¶ 13} "The right to appeal an administrative decision is neither inherent nor inalienable; to the contrary, it must be conferred by statute." *Midwest Fireworks Mfg. Co. v. Deerfield Twp. Bd. of Zoning Appeals*, 91 Ohio St.3d 174, 177 (2001); *see also* Ohio Const., art. IV, § 4(B) ("The courts of common pleas and divisions thereof shall have such original jurisdiction over all justiciable

matters and such powers of review of proceedings of administrative officers and agencies as may be provided by law."); R.C. 2505.03(A) ("Every final order, judgment, or decree of a court and, *when provided by law*, the final order of any administrative officer, agency, board, department, tribunal, commission, or other instrumentality may be reviewed on appeal by a court of common pleas, a court of appeals, or the supreme court, whichever has jurisdiction." [emphasis added]).

{¶ 14} As noted above, a public children-services agency's dispositions on child-abuse reports are not appealable under the process set forth in R.C. 5101.35. Adm.Code 5101:2-33-20(H). Perhaps recognizing this, Kyser appealed SCCS's disposition to the common pleas court under R.C. 2506.01(A), which provides that the common pleas court of the county in which the principal office of a political subdivision is located has appellate jurisdiction over "every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department, or other division of [the] political subdivision." R.C. 2506.01 defines "final order, adjudication, or decision" as "an order, adjudication, or decision that determines rights, duties, privileges, benefits, or legal relationships of a person . . . ." R.C. 2506.01(C). The question here is whether an agency's disposition finding that a child-abuse allegation is substantiated determines a right, duty, privilege, benefit, or legal relationship of a person. We conclude that it does not.

{¶ 15} It is important to keep in mind what SCCS determined in this case: that an allegation of abuse was substantiated. The immediate consequence of that disposition was that it was noted in the SACWIS. No further consequences for Kyser are required by R.C. 2151.421.

{¶ 16} Kyser argues that the agency's decision upholding the disposition that the abuse allegation was substantiated caused multiple negative consequences for her: the removal of G.T. from her home and the termination of the adoption proceedings, her loss of employment, and her inability to foster children in the

future. But to qualify as final and appealable under R.C. 2506.01(C), an agency's decision must do more than merely relate to a person's "rights, duties, privileges, benefits, or legal relationships"; the decision must also "determine" them. "Determine" means "to fix conclusively or authoritatively." *Merriam-Webster's Collegiate Dictionary* (11th Ed. 2003). SCCS's determination that the child-abuse allegation against Kyser was substantiated did not itself conclusively or authoritatively determine any of the consequences cited by Kyser.

{¶ 17} Consider the removal of G.T. from Kyser's care. Although Kyser traces the removal of G.T. to SCCS's disposition finding that the allegation of abuse was substantiated, the timeline of the events in this case refutes her position. G.T. was removed from Kyser's care on November 9, 2020, immediately upon the commencement of the investigation, which was more than a month before SCCS's initial disposition finding that the physical-abuse allegation was substantiated and more than four months before SCCS upheld that disposition on administrative review. Kyser does not cite anything in the record showing (or even implying) that G.T. would have been returned to her home if SCCS had reached a different disposition. Nor is there any indication in the record that Kyser attempted to have G.T. returned to her home. Similarly, Kyser has cited no evidence showing that the disposition terminated the adoption process.[1] Nothing in R.C. 2151.421 requires that an adoption application be denied if an allegation that the applicant abused the child sought to be adopted is substantiated.

{¶ 18} Kyser also claims that the disposition determined her employment. According to Kyser, someone from SCCS informed Kyser's employer of the child-abuse allegation and her employer then terminated her. But neither SCCS's initial

---

1. The dissent confidently announces, "[O]f course, the letter did cement the child's removal" and "obviously the disposition cemented the termination of the adoption proceedings." Dissenting opinion, ¶ 25. The source of this confidence is unclear, as nothing in the record supports either notion.

disposition finding that the physical-abuse allegation was substantiated nor its decision upholding that disposition determined Kyser's employment. Nor was Kyser's loss of employment a required consequence of the disposition. Kyser does not cite any law requiring an employer to terminate an employee against whom an allegation of child abuse has been substantiated. In short, the disposition did not determine whether Kyser would remain employed.

{¶ 19} Moreover, because of the confidentiality of child-abuse reports and dispositions, Kyser's employer should never have known about the allegation or disposition. An alleged perpetrator's employer is not typically among the authorized recipients of such information. *See id.*; *Geyer v. Clinton Cty. Dept. of Job & Family Servs.*, 2021-Ohio-411, ¶ 14 (12th Dist.). And Kyser does not claim that she was employed by an employer to whom disclosure of a child-abuse allegation or disposition that an allegation was substantiated is required. To the contrary, she contended in her affidavit that "it was highly inappropriate [for the agency] to notify [her] employer." Absent inappropriate dissemination of the allegation or disposition in this case, the allegation or disposition could not have had any effect on Kyser's employment. With that in mind, we conclude that the agency's disposition did not determine Kyser's employment.

{¶ 20} The final consequence of the agency's disposition that Kyser alleges—the loss of her foster certification—is also belied by the record. On its face, the disposition did not revoke Kyser's license. Instead, according to Kyser, "[t]he agency also informed [ODJFS] so that [her and her husband's] licenses to serve as foster parents would be permanently revoked." Details about that proceeding are not included in the record, other than those provided in Kyser's affidavit, which states that she was "proceeding before ODJFS and utilizing counsel in connection with the same." The existence of the ODJFS proceeding underscores the fact that the disposition itself did not conclusively or authoritatively determine Kyser's rights. Further, the disposition did not predetermine the outcome of any

proceeding initiated by ODJFS. Under R.C. 5103.18(C)(1), "[a] foster home certification *may* be denied based on a summary report containing the information described under [R.C. 5103.18(B)(1)(a)], when considered within the totality of the circumstances." (Emphasis added.) Thus, the disposition cannot be said to have conclusively or authoritatively determined Kyser's rights regarding her foster certification.

{¶ 21} In citing a recent decision of the Supreme Court of the United States, the dissent seems to equate our decision today with a determination that the SCCS is immune from suit. The dissent apparently misapprehends what we are deciding. Our decision goes no further than determining that an agency's disposition finding that an allegation of child abuse is substantiated is not a final order under R.C. 2506.01.

### III. CONCLUSION

{¶ 22} Any consequences suffered by Kyser as a result of SCCS's disposition finding that the child-abuse allegation was substantiated were peripheral to, not determined by, the disposition. Because the disposition itself did not determine any of Kyser's rights, duties, privileges, benefits, or legal relationships, the common pleas court had no jurisdiction over Kyser's appeal to that court. *See* R.C. 2506.01. We therefore vacate the Ninth District Court of Appeals' judgment and dismiss the appeal.

Judgment vacated

and cause dismissed.

———————————

**DONNELLY, J., joined by STEWART, J., dissenting.**

{¶ 23} R.C. 2506.01(A) states that "every final order, adjudication, or decision" of an Ohio political subdivision may be appealed to a court of common pleas. *See also State ex rel. Duncan v. Mentor*, 2023-Ohio-3115, ¶ 9; *Crawford-Cole v. Lucas Cty. Dept. of Job & Family Servs.*, 2009-Ohio-1355, ¶ 43. To be a

"final order, adjudication, or decision" under R.C. 2506.01(A), the order, adjudication, or decision must be one that "determines rights, duties, privileges, benefits, or legal relationships of a person," R.C. 2506.01(C). This court has stated that "R.C. 2506.01 limits the availability of an appeal to those whose 'rights, duties, privileges, benefits, or legal relationships' are adversely affected." *In re Petition for Incorporation of Holiday City*, 70 Ohio St.3d 365, 371 (1994), quoting R.C. 2506.01(C).

{¶ 24} I conclude that the March 16, 2021 disposition letter informing appellant, Kelly D. Kyser, of appellee Summit County Children Service's decision upholding its disposition that an allegation that Kyser had physically abused her former foster child was substantiated adversely affected a legal relationship of Kyser. Before the letter was issued, Kyser was a foster parent and was proceeding with the adoption of the fostered child. After the letter was issued, Kyser was no longer a foster parent and could not proceed with the adoption. In two cases in which Ohio courts of appeals concluded under similar circumstances that a children-services agency's disposition letter concerning abuse of a child was not a final, appealable order, the courts did not consider the effect of such a letter on the legal relationship of a foster parent who is rendered unable to pursue an adoption of a fostered child because of the disposition. *See Ferren v. Cuyahoga Cty. Dept. of Children & Family Servs.*, 2009-Ohio-2359, ¶ 1, 4-6, 18 (8th Dist.); *Moore v. Franklin Cty. Children Servs.*, 2007-Ohio-4128, ¶ 1-2, 4-8, 22 (10th Dist.).

{¶ 25} The majority opinion states that "[a]n alleged perpetrator of abuse who disagrees with the agency's disposition may appeal it to the agency," majority opinion, ¶ 12, and then concludes that the agency's decision on such an appeal does not itself determine any consequences that would invoke the common pleas court's jurisdiction to review the agency's decision. Here, the majority reasons that the fostered child had already been removed from Kyser's home, so the March 16, 2021 disposition letter had no effect on that consequence. But, of course, the letter did

cement the child's removal. The majority also says that Kyser has cited no evidence showing that the disposition terminated the adoption process. But obviously the disposition cemented the termination of the adoption proceedings. The so-called appeal to the agency in this case was a Kafkaesque charade.

{¶ 26} According to this court's decision in this case, whatever an agency concludes in an appeal to the agency is without consequence. Essentially, the majority opinion concludes that entities like Summit County Children Services are above the law. Such agencies can make any decision they want, with or without a factual basis, and conclude that an appeal to them is unworthy or unwarranted. And because of this court's decision here, there is no path to challenge the agency's initial determination or decision on appeal. Summit County Children Services is now unaccountable and free to act, however imperiously, at its will. Frankly, the decision here is an absurd result. But at least Summit County Children Services does not have the United States Navy's Seal Team 6 at its disposal. *See Trump v. United States*, 603 U.S. __, __, 144 S.Ct. 2312, 2371 (2024) (Sotomayor, J., dissenting).

{¶ 27} I conclude that the March 16, 2021 disposition letter was a final, appealable order. I would reach the merits of the issue presented in this appeal: whether the prescribed 30-day period under R.C. 2505.07 for filing a notice of appeal of an agency's decision commences when the aggrieved party receives the agency's disposition letter or commences when the letter is mailed. Because the majority does not reach the merits, I will not discuss them because such a discussion would, in essence, be an advisory opinion.

{¶ 28} I dissent.

_____

Sherri Bevan Walsh, Summit County Prosecuting Attorney, and Marrett W. Hanna, Assistant Prosecuting Attorney, for appellee.

Brunner Quinn, Rick L. Brunner, and Patrick M. Quinn, for appellant.

_____